IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| WILLIAM A. GINGLEN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No.  07-3058 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on Petitioner William Ginglen's Motion to Expand the Record to Include Additional Evidence of Ineffective Assistance of Counsel Regarding Failure to Contest an Illegal "Consent to Search" Computer Files (d/e 52), Motion to Expand the Record to Include Additional Example of Ineffective Assistance of Counsel re Mens Rea Requirements (d/e 56), and Motion to Expand the Record to Include Additional Example of Ineffective Assistance of Counsel re De Facto Life Sentence (d/e 58).  For the reasons set forth below, docket entry 58 is allowed, while docket entries 52 and 56 are denied as futile.

1

## BACKGROUND

The following background facts are taken from <u>United States v. Ginglen</u>, 467 F.3d 1071 (7th Cir. 2006). Between November 10, 2003, and July 12, 2004, William Ginglen (Ginglen) robbed several central Illinois banks at gunpoint. On August 19, 2004, one of Ginglen's three sons, Jared, an officer for the Peoria, Illinois, Police Department, recognized the bank robbery suspect in photographs as his father. Jared informed his brothers Garrett and Clay of his realization, and the three men decided to go to their parents' house in Lewiston, Illinois, to confront their father and convince him to turn himself in. If he refused to do so, the brothers planned to take him in forcibly. However, when the brothers arrived, Ginglen was not home. While the brothers were looking through the house for their father, they saw a pair of shoes, pants, and a shirt that matched those worn by the bank robber in the photographs.

The brothers then contacted the Lewiston police. The police used the brothers' observations to obtain a search warrant for Ginglen's home. A subsequent search of the home uncovered the clothes matching those worn by the robber as well as information which revealed that Ginglen was cheating on his wife and spending the proceeds from the bank robberies on

2

his mistress. Four days after the police executed the search warrant, on August 24, 2004, Ginglen's wife voluntarily consented to the search and seizure of a computer she shared with her husband.

Ginglen was subsequently charged in this Court. United States v. Ginglen, C.D. Ill. Case No. 04-30052. He filed a Motion to Suppress (Case No. 04-30052, d/e 11), which this Court denied, following a hearing. Case No. 04-30052, Minute Entry, dated November 18, 2004; Case No. 04-30052, Transcript of Proceedings held November [18], 2004 (d/e 37). On July 8, 2005, Ginglen pleaded guilty pursuant to a Plea Agreement (Case No. 04-30052, d/e 23) to seven counts of armed robbery, in violation of 18 U.S.C. § 2113(a) and (d), and two counts of using a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924©. Ginglen was sentenced to a total of 481 months imprisonment. Case No. 04-30052, Minute Entry, dated December 29, 2005; Case No. 04-30052, Transcript of Proceedings held December 29, 2005 (d/e 26).

In the Plea Agreement, Ginglen reserved the right to appeal the denial of his Motion to Suppress. Ginglen filed a Notice of Appeal (Case No. 04-30052, d/e 27) on this issue. The appeal was argued on September 28, 2006, and the United States Court of Appeals for the Seventh Circuit issued

an opinion affirming this Court's decision on November 6, 2006. <u>Ginglen</u>, 467 F.3d 1071. The Court of Appeals Mandate (Case No. 04-30052, d/e 44) issued on November 28, 2006. Ginglen did not file a petition for writ of certiorari. In the instant suit, Ginglen seeks relief under 28 U.S.C. § 2255.

## ANALYSIS

I.   DOCKET ENTRY 52

In docket entry 52, Ginglen seeks to expand the record to include a claim that trial counsel was ineffective in failing to argue that Ginglen's wife lacked authority to consent to a search of password-protected computer files. Although Ginglen characterizes his Motion as one under Rule 7 of the Rules Governing § 2255 Proceedings, in reality, Ginglen is seeking to supplement his request for § 2255 relief by adding an additional claim of ineffective assistance. The Government asserts that the claim raised in docket entry 52 is barred by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA)'s one-year statute of limitations for § 2255 claims. 28 U.S.C. § 2244(d)(1). The Court agrees.

Docket entry 52 was docketed by the Clerk on June 8, 2009; however, the Certificate of Service indicates that Ginglen delivered it to the prison

4

mailing system with appropriate postage attached on June 3, 2009. <u>Motion to Expand the Record to Include Additional Evidence of Ineffective Assistance of Counsel regarding Failure to Contest an Illegal "Consent to Search" Computer Files (d/e 52)</u>, p. 3. The mailbox rule sets the operative date for determining when a pro se prisoner's habeas claim is filed as the date on which it is delivered to the proper prison authorities for mailing. Thus, docket entry 52 is deemed filed on June 3, 2009. <u>See</u> <u>Jones v. Bertrand</u>, 171 F.3d 499, 501-02 (7th Cir. 1999). This was after the Government had filed its responses to Ginglen's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (d/e 1) (Petition) and his Amended § 2255 Motion with Supporting Memorandum (d/e 12) (Amended Petition). Pursuant to Rule 12 of the Rules Governing § 2255 Proceedings, the Court applies the Federal Rules of Civil Procedure under these circumstances. Federal Rule of Civil Procedure 15(a)(2) provides, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." The Government has not consented to the proposed amendment, and the Court declines to allow it because, as set forth below, the amendment would be futile.

5

As previously noted, AEDPA establishes a one-year statute of limitations for § 2255 claims. 28 U.S.C. § 2244(d)(1). The applicable portion of AEDPA provides that the one-year statute of limitations shall run from "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). Ginglen did not file a petition for certiorari with the Supreme Court on direct review; therefore, his judgment of conviction became final on the date on which the time for seeking such review expired. Clay v. United States, 537 U.S. 522, 525 (2003). The Seventh Circuit Mandate (Case No. 04-30052, d/e 44) issued on November 28, 2006. Ginglen's conviction became final ninety days later, on February 27, 2007. See Sup. Ct. R. 13(1). Docket entry 52 was filed in June 2009, over two years after his conviction became final. Therefore, in order for Ginglen's proffered supplemental claim to be timely, it must relate back to a timely filed claim, i.e., one made prior to February 27, 2008.

The relation back of amendments is governed by Federal Rule of Civil Procedure 15©. The only relation-back provision that would be potentially applicable to the instant case is found at Rule 15(c)(1)(B), which provides that an amendment relates back to the date of the original pleading when "the amendment asserts a claim or defense that arose out of the conduct,

transaction, or occurrence set out -- or attempted to be set out -- in the original pleading." The Supreme Court addressed the meaning of this provision, formerly found at Federal Rule of Civil Procedure 15(c)(2), in the context of federal habeas proceedings in <u>Mayle v. Felix</u>, 545 U.S. 644 (2005). The <u>Mayle</u> Court held that when a habeas petitioner seeks to amend his petition after AEDPA's one-year time limit has passed, the amended petition does not relate back, thereby escaping AEDPA's time bar, when it asserts a new ground for relief "supported by facts that differ in both time and type from those the original pleading set forth." <u>Id</u>. at 650. The <u>Mayle</u> Court expressly rejected the petitioner's request to interpret "same conduct, transaction, or occurrence" to mean same "trial, conviction, or sentence." <u>Id</u>. at 664.

Ginglen's proffered supplemental claim asserts a new ground for relief, based on a set of facts distinct from those raised in his timely filed claims. The Court recognizes that, on August 2, 2007, Ginglen raised a claim of ineffective assistance of counsel regarding trial counsel's treatment of search warrants authorizing the search of computers. <u>Motion to Expand Record (d/e 28)</u>. This pleading, however, alleged shortcomings in warrants issued August 31, 2004, September 1, 2004, and September 10, 2004. Thus, the

7

facts relating to Ginglen's wife's August 24, 2004, consent differ in both time and type from those underlying the claim raised in docket entry 28. Therefore, Docket Entry 52 is denied as futile because Ginglen's proffered supplemental claim would be untimely.

II. DOCKET ENTRY 56

In docket entry 56, Ginglen seeks to expand the record to include a claim that trial counsel was ineffective in failing to pursue a mens rea defense, especially in connection with the 18 U.S.C. § 924(c) counts. Again, while Ginglen characterizes his Motion as one under Rule 7 of the Rules Governing § 2255 Proceedings, in reality, Ginglen is seeking to supplement his request for § 2255 relief by adding an additional claim of ineffective assistance. Again, the Government objects to the amendment and asserts that the claim raised in docket entry 56 is barred by AEDPA's one-year statute of limitations for § 2255 claims. 28 U.S.C. § 2244(d)(1). The Court again agrees.

Docket entry 56 is deemed filed on September 15, 2009, the date Ginglen delivered it to the prison mailing system. Motion to Expand the Record to Include Additional Example of Ineffective Assistance of Counsel re Mens Rea Requirements (d/e 56), p. 5. Thus, in order for the proffered

8

supplemental claim to be timely, it must relate back to a timely filed claim. It does not. Rather, docket entry 56 asserts a new ground for relief, based on a set of facts distinct from those raised in Ginglen's timely filed claims. Therefore, Docket Entry 56 is denied as futile because the supplemental claim contained therein would be untimely.

III.   DOCKET ENTRY 58

In docket entry 58, Ginglen seeks to expand the record to include a claim that trial counsel was ineffective in failing to pursue and present the fact that the 481 month sentence, which exceeded Ginglen's life expectancy, was an abuse of discretion. As was the case with docket entries 52 and 56, docket entry 58 is properly characterized as a request to supplement Ginglen's request for § 2255 relief by adding an additional claim of ineffective assistance. The Government has not consented to the amendment. The Government again asserts that the proffered claim is barred on statute of limitations grounds. However, the Court finds that the claim raised in docket entry 58 relates back to the ineffective assistance of counsel at sentencing claims raised in Ginglen's Petition. Specifically, Ginglen argued that the 481 month sentence was excessive, unreasonable, and irrational when applied to a sixty-four-year-old. Petition, p. 26-27. The

9

Court finds that this connection satisfies Rule 15(c)(1)(B).

Therefore, the amendment proposed in docket entry 58 is not barred by the statute of limitations. Ginglen's Motion to Expand the Record to Include Additional Example of Ineffective Assistance of Counsel re De Facto Life Sentence (d/e 58) is allowed. The Court will consider the argument raised by Petitioner in docket entry 58, as well as the Government's response in its Opposition to Ginglen's Motion to Expand the Record to Include Additional Example of Ineffective Assistance of Counsel re De Facto Life Sentence (d/e 60), regarding its merits and procedural posture in ruling on Petitioner's pending request for § 2255 relief.

THEREFORE, for the reasons set forth above, Petitioner William Ginglen's Motion to Expand the Record to Include Additional Evidence of Ineffective Assistance of Counsel Regarding Failure to Contest an Illegal "Consent to Search" Computer Files (d/e 52) and his Motion to Expand the Record to Include Additional Example of Ineffective Assistance of Counsel re Mens Rea Requirements (d/e 56) are DENIED as futile. Ginglen's Motion to Expand the Record to Include Additional Example of Ineffective Assistance of Counsel re De Facto Life Sentence (d/e 58) is ALLOWED. The Court will consider the argument raised by Petitioner in docket entry

58 as well as the Government's response in docket entry 60 in ruling on Petitioner's pending request for § 2255 relief.

IT IS THEREFORE SO ORDERED.

ENTER:   December 17, 2009

FOR THE COURT:

s/ Jeanne E. Scott<br>JEANNE E. SCOTT<br>UNITED STATES DISTRICT JUDGE